UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WANDA CHRISTIAN WILSON, | ) |                         |
|-------------------------|---|-------------------------|
|            Plaintiff,   | ) |                         |
|         v.              | ) | Case No. 4:06CV178 RWS  |
| TODDAMY, INC., et al.,  | ) |                         |
|            Defendants.  | ) |                         |

## **MEMORANDUM AND ORDER**

Plaintiff filed this case in the Circuit Court of St. Louis County, Missouri asserting only state law tort claims against Defendants. Plaintiff filed a separate case in the United States District Court of the Western District of Missouri asserting employment discrimination claims under federal law against Defendant Toddamy, Inc. Defendants removed the state case to this Court and seek to transfer this case to the United States District Court of the Western District of Missouri. Plaintiff has consented to Defendants' motion to transfer.

A federal judge must make an independent determination whether federal jurisdiction exists in a case. Defendants assert that removal is proper because Plaintiff's state court claims involve the same operative facts as the claims in the Plaintiff's federal case. This is not a recognized basis for federal jurisdiction.

Under 28 U.S.C. § 1331 and § 1332, federal jurisdiction arises when either a federal question is stated in a complaint or the parties are citizens of different states and a threshold amount in controversy is satisfied. Plaintiff's state court petition does not raise any federal claims. Nor is diversity jurisdiction present in this case because all of the parties are Missouri residents.

The fact that a party has filed separate lawsuits in federal and state courts concerning the

same operative facts does not of itself create federal jurisdiction. Nor can the parties create federal jurisdiction by consent when a statutorily recognized basis for federal jurisdiction is lacking. When a party files separate lawsuits in state and federal court on independent state and federal claims, both the state court and the federal court may proceed with their respective cases. The issues of collateral estoppel and res judicata may be invoked after whichever court renders its judgment first. Or one of the courts may hold its case in abeyance if the circumstances demand. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)(a district court may abstain from hearing a case where duplicate litigation is being pursued in state court and where "exceptional" circumstances exist).

By her consent to transfer this case to the Western District, Plaintiff appears amenable to having her state claims consolidated with her federal claims in the Western District. Unfortunately for both Defendants and Plaintiff, because I find federal jurisdiction lacking in the present case I am compelled to remand the case back to state court. Because I do not have the power to confer federal jurisdiction solely by consent of the parties, I do not have the authority to accept the removal of the case to this Court and then transfer the case to the Western District of Missouri. If Plaintiff desires to have these state and federal claims tried in one case she may be able to amend her federal case in the Western District to include her state claims and dismiss her state court case in St. Louis County Circuit Court. Such a decision of course is left to the discretion of Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED that** this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2006.